UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C25-11-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ erred in evaluating her testimony and the opinion of Karin Oltyan, M.D. Dkt. 9. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 43 years old, has a high school education, and no past relevant work. Tr. 737. She applied for benefits in June 2016, alleging disability as of January 1, 2006. Tr. 168. After her applications were denied initially and on reconsideration, the ALJ conducted a hearing and, in October 2018, issued a decision finding plaintiff not disabled. Tr. 20-31. Plaintiff sought judicial review, and, in November 2020, this Court reversed the ALJ's decision and remanded the case for further administrative proceedings. Tr. 802-11. On remand, the ALJ conducted a

new hearing and, on August 30, 2021, issued a second decision finding plaintiff not disabled. Tr. 718-39. Plaintiff seeks review of the ALJ's August 2021 decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date; she had the following severe impairments: degenerative disc disease, tachycardia, fibromyalgia, depressive disorder, and anxiety disorder; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 721. The ALJ found that plaintiff had the residual functional capacity to perform light work with additional exertional, postural, environmental, fingering, mental, and social limitations. Tr. 723-24. The ALJ found that plaintiff has no past relevant work but, as there are jobs that exist in significant numbers in the national economy that she could perform, plaintiff is not disabled. Tr. 737-39.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

---

[1] 20 C.F.R. § 416.920.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 2

**A.      Plaintiff's testimony**

Plaintiff argues the ALJ erroneously rejected her testimony about the impact of her fibromyalgia on her ability to work. Dkt. 9 at 2. Where, as here, the ALJ did not find plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

      *1.     Medical evidence*

The ALJ assessed the medical evidence regarding plaintiff's back pain and fibromyalgia, finding that most of plaintiff's subjective pain has been attributed to fibromyalgia rather than spinal conditions. Tr. 728. The ALJ described notes from plaintiff's visits to rheumatology, neurology, chronic fatigue, and pain management specialists as well as other providers, describing these providers' physical findings, medications they prescribed, and treatments they recommended. *Id.* at 728-29. The ALJ found the objective findings at numerous visits over the course of the relevant period were not consistent with plaintiff's allegations of chronic debilitating limitations such as an inability to stand or walk for more than 15 minutes, inability to lift more than a couple pounds, needing to spend significant time during the day lying down, or substantial difficulty bending. Tr. 729. The ALJ found with limitations such as those plaintiff

alleged, one would expect severe deconditioning with objective weakness and restricted mobility, but that was not how plaintiff presented. *Id.* The ALJ found, however, plaintiff's complaints to her providers and objective findings of tender points provided some support for diffuse pain, subjective weakness, and reduced tolerance for remaining in one position for very long. *Id.* The ALJ concluded this supported a finding plaintiff would not likely tolerate more than light work, would need to be able to shift positions for comfort, and would better sustain work without constant postural changes or manipulation and without concentrated exposure to jarring vibration or hazards. Tr. 729-30.

Plaintiff argues a mere summary of the evidence is insufficient to reject a claimant's allegations. Dkt. 9 at 4. However, the ALJ summarized the treatment notes as part of evaluating whether the objective findings supported plaintiff's subjective complaints, and she followed that summary with reasoning connected to that evidence. The ALJ did not err by merely summarizing the objective evidence as a basis for discounting plaintiff's testimony.

Plaintiff argues ALJ's discussion of the evidence failed to establish an inconsistency with plaintiff's allegations when the unique nature of fibromyalgia is considered. Dkt. 9 at 5. She asserts many of the objective findings the ALJ noted, such as no synovitis/inflammation and normal strength, balance, and range of motion, are not inconsistent with fibromyalgia, as these are not typical symptoms of fibromyalgia. *Id.* She also asserts she did not allege limitations due to weakness, but rather due to pain while sitting, standing, and walking. *Id.* However, the ALJ did not reject plaintiff's allegations because of a lack of physical findings to support her fibromyalgia. Rather, the ALJ found there was a lack of physical findings in the record to support the severity of plaintiff's alleged limitations. For example, although plaintiff is correct that a person with fibromyalgia may have normal muscle tone and strength, the ALJ found the

fact that plaintiff had normal muscle tone and strength was inconsistent with her allegations that she could not stand for more than 15 minutes or lift more than a couple pounds. Moreover, the reason that plaintiff asserts is the basis for her limitations (i.e., she is limited due to pain and not due to weakness) does not undermine the ALJ's finding that plaintiff's normal muscle strength and tone were inconsistent with those asserted limitations. The ALJ did not improperly reject plaintiff's testimony because of a lack of objective evidence of plaintiff's fibromyalgia.

Plaintiff argues the ALJ's reasoning—that "one would expect severe deconditioning with objective weakness and restricted mobility" in someone experiencing the limitations plaintiff alleged—was not based on medical evidence but was instead the ALJ expressing either her own expectations or an improper medical opinion. Dkt. 9 at 6. But ALJ is entitled to draw reasonable inferences logically flowing from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982)). Plaintiff alleged her pain was so severe that she was unable to stand or walk for more than 15 minutes at a time, spent most of her time in bed, and could only perform minimal lifting. Tr. 53, 216, 761-62. The ALJ's assessment that a lack of findings of deconditioning was inconsistent with such extreme limitations was a reasonable inference, not a personal supposition or improper medical opinion about the evidence. The ALJ did not erroneously impose her own expectations or improper medical opinion in concluding that the objective findings were inconsistent with plaintiff's allegations.

Moreover, the ALJ expressly took into account the unique nature of fibromyalgia with the finding that plaintiff's complaints to her providers and the objective findings of fibromyalgia tender points supported a limitation to light work, with the ability to shift positions for comfort, and without constant postural changes, manipulation, or exposure to vibrations or hazards. *See*

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 5

*Revels v. Berryhill*, 874 F>3d 648, 662-63 (9th Cir. 2017) (discussing the need to construe medical evidence in light of fibromyalgia's unique symptoms and diagnostic methods). The ALJ did not err by requiring objective evidence to support limitations consistent with plaintiff's fibromyalgia nor by finding the objective evidence did not support the full extent of the limitations plaintiff alleged.

        2.      *Plaintiff's activities*

The ALJ found the record contains evidence of activities and abilities inconsistent with plaintiff's allegations. Tr. 732. The ALJ noted plaintiff's reports of full-time childrearing, household management, cleaning, meal preparation, and management of finances; helping her 100-year-old grandmother with chores and personal hygiene, helping her father who had heart disease and cancer, and helping her mother after she had foot surgery; and taking classes such as financial literacy classes and improv classes. *Id.* The ALJ found it conceive spending as much time lying down as plaintiff alleged while still undertaking these activities, and noted even if plaintiff did not perform caregiving activities at a professional level, her ability to do so indicated capacity to lift and carry more than a couple pounds and to perform postural activities, reaching, handling, and fingering. Tr. 732-33. The ALJ further found these activities require focus, persistence, follow-through, remembering details, using math, and close interaction with other people, and that plaintiff's improv classes in particular required both physical activity, interaction with and performance in front of others, some of them strangers, and quick processing of information and verbal response. Tr. 733. The ALJ concluded these activities were not consistent with persistent marked physical or mental limitations. *Id.*

An ALJ may consider a claimant's daily activities when evaluating her testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may not penalize a claimant for

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 6

attempting to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). But contradictions between a claimant's reported activities and her asserted limitations are an issue of credibility. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Plaintiff argues the ALJ disregarded information about plaintiff's activities and allegations and the record does not contain enough information about these activities to support the ALJ's finding. Dkt. 9 at 10. Plaintiff notes this Court previously rejected similar reasons for discounting plaintiff's testimony in the ALJ's October 2018 decision. *Id.* at 10-11. Plaintiff is correct: in the November 2020 decision, this Court found the activities the ALJ identified in both the decision at hand and the October 2018 decision—raising a child, managing a household, cleaning, preparing meals, and managing finances—are basic life activities that do not supply a reasonable basis for rejecting plaintiff's testimony. Tr. 806. The ALJ did not provide additional reasoning or explanation in the current decision as to how plaintiff's ability to perform these activities undermined her testimony.

However, in the current decision the ALJ discussed additional activities that went beyond the sort of "basic life activities" discussed in the October 2018 decision, specifically plaintiff's caretaking activities and participation in improv classes. The ALJ could reasonably conclude plaintiff's ability to provide care for multiple family members experiencing end-of-life needs, cancer, surgery, and other health challenges, as well as her ability to participate in an activity such as improv requiring physical activity, mental acuity, and performing for an audience, was inconsistent with her allegations of disabling physical and mental limitations. This was a valid reason to discount plaintiff's testimony. Because the ALJ gave a valid reason for discounting plaintiff's testimony based on these activities, the ALJ's error in considering plaintiff's day-to-

1 day activities was harmless. *See Molina*, 674 F.3d at 1122 (error is harmless where it is

2 inconsequential to the ALJ's ultimate nondisability determination).

3       In sum, the Court concludes the ALJ gave clear and convincing reasons, supported by

4 substantial evidence, for discounting plaintiff's testimony about her limitations due to

5 fibromyalgia and that the ALJ's error in considering plaintiff's basic life activities was harmless.

6       **B.**     **Dr. Oltyan's opinions**

7       Plaintiff argues the ALJ erred in rejecting the opinions of Dr. Oltyan, her primary care

8 provider. Dr. Oltyan completed forms for Washington State's WorkFirst program on three

9 occasions, in June 2015, January 2016, and May 2016, each time opining that plaintiff was

10 "severely limited," defined as unable to lift at least 2 pounds or unable to stand or walk, and she

11 was limited to zero hours of work activity per week (unable to participate). Tr. 472-74, 485-87,

12 499-501.

13       The ALJ gave these opinions little weight, finding Dr. Oltyan provided no objective

14 findings of her own to support her opinions and her treatment notes from May 2016 provided

15 little support, as they included a limited exam and, other than a finding of obesity, normal

16 findings. Tr. 734. The ALJ further found that such severe limitation was not supported by the

17 other treating sources Dr. Oltyan cited, which included specialists in pain management,

18 rheumatology, orthopedics, neurology, and cardiology. *Id.* The ALJ listed findings from each of

19 these providers, concluding that none of the contemporaneous exams from these specialists

20 supported such marked physical limitations that plaintiff could not perform even sedentary to

21 light work or was restricted to zero hours of work activity. *Id.* The ALJ further found Dr.

22 Oltyan's opinions predate plaintiff's application date and they were inconsistent with the

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 8

longitudinal evidence from the relevant period, which included opinions from an examining doctor and reviewing doctor that plaintiff could perform light work. *Id.*

For cases filed before March 2017, as this one was, the ALJ should generally give more weight to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester*, 81 F.3d at 830. Where not contradicted by another physician, an ALJ may reject a treating or examining physician's opinion only for "clear and convincing reasons." *Id.* at 830-31. Where contradicted, an ALJ may reject a treating or examining physician's opinion only by giving "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff argues the ALJ relied on the same reason this Court previously found invalid, namely, that Dr. Oltyan did not provide objective findings to support her opinions. Dkt. 9 at 12. In the November 2020 decision, this Court found the ALJ erred by rejecting these opinions as unsupported because at least one of the specialists Dr. Oltyan referred to found 14 out of 18 fibromyalgia tender points, and the ALJ did not address this. Tr. 809-10. In the decision at hand, however, the ALJ discussed contemporaneous findings from Dr. Oltyan and from the providers Dr. Oltyan referred to, finding that none of those records, which contained normal or minimal findings, supported Dr. Oltyan's severely limited assessment. Tr. 734-35. An ALJ may give less weight to a doctor's opinion that is brief, conclusory, and inadequately supported by medical records. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ's conclusion the treatment records did not support a finding that plaintiff could not perform even sedentary to light work or was restricted to zero hours of work activity was a reasonable interpretation of the

1  evidence. The ALJ validly concluded Dr. Oltyan's opinion was unsupported by objective
2  findings.
3        Plaintiff also argues the fact the opinions predate the relevant period does not undermine
4  the weight the opinions warrant, as there is no evidence in the record that plaintiff's condition
5  improved after Dr. Oltyan issued the opinions and it is reasonable to believe that plaintiff's
6  symptoms were substantially similar during the relevant period. Dkt. 9 at 13-14. However,
7  medical opinions that predate the alleged onset of disability are of limited relevance. *Ahearn v.*
8  *Saul*, 988 F.3d 1111, 1118 (9th Cir. 2021) (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533
9  F.3d 1155, 1165 (9th Cir. 2008)). In addition to the fact that the opinions predate the relevant
10 period, the ALJ further found they were inconsistent with opinions from the relevant period that
11 plaintiff could perform light work. Plaintiff asks the Court to find error based on her assertion of
12 what is reasonable to believe. But even if plaintiff's proposed interpretation is reasonable, this
13 Court cannot reverse the ALJ's decision based on an alternate interpretation of the evidence.
14 *Thomas*, 278 at 954. Plaintiff has not established that the ALJ erred in discounting the opinions
15 because they predated the relevant period and were inconsistent with opinions from the relevant
16 period.
17       In sum, the ALJ gave specific and legitimate reasons to give little weight to Dr. Oltyan's
18 opinions and therefore this Court may not disturb that finding. The Court concludes that the ALJ
19 did not err in evaluating Dr. Oltyan's opinion.
20 //
21 //
22 //
23 //

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 20th day of June, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge